UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATISHA S. RICKS** | **CIVIL ACTION** |
| **VERSUS** | **CONSENT** |
| **COMMISSIONER OF SOCIAL SECURITY** | **NO. 18-1097-RLB**[1] |

## ORDER

Before the Court is the Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (R. Doc. 32) filed by Plaintiff, Latisha S. Ricks, on April 20, 2020. Response (R. Doc. 33) was filed by the Commissioner on April 30, 2020.

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of her application for disability benefits. (R. Doc. 1). On January 30, 2020, the Court issued its Ruling on Plaintiff's Social Security appeal (R. Doc. 29), and subsequent Judgment (R. Doc. 30), reversing the decision of the Commissioner and remanding the claim for further proceedings. Plaintiff then filed the present Motion.

**I.     LAW AND ANALYSIS**

The Equal Access to Justice Act ("EAJA") provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). The parties do not dispute that Plaintiff is the prevailing party who filed a timely application for fees, and the Commissioner concedes that Plaintiff is entitled to recover reasonable fees under § 2412 of the EAJA. Therefore, an award of reasonable attorney's fees is proper in the instant case.

---

[1] Because both parties consented to proceed before a United States Magistrate Judge (R. Doc. 8), the case was transferred to this Court for all further proceedings and entry of judgment pursuant to 28 U.S.C. § 636(c)(1).

Plaintiff asks for attorney's fees to compensate her attorney for 31.4 hours of work at a rate of $175 per hour, for a total of $5,495.00, plus an additional $100 for costs. The Commissioner does not oppose Plaintiff's request for attorney's fees, but requests the Court order the payment to be issued in Plaintiff's name. The Commissioner opposes Plaintiff's request for costs based on her being granted *in forma pauperis* status. (R. Doc. 33 at 1-2 (referencing R. Doc. 3)).

A.   **Attorney's Fees**

Having reviewed Plaintiff's Statement of Attorney Time Expended (R. Doc. 32-1), as well as similar cases in this district and others over the past several years, and the Commissioner having no objection, the Court finds the rate requested of $175 per hour to be reasonable for the hours expended by counsel. *See Gann v. Colvin*, 2017 WL 385038, at *2-3 (M.D. La. Jan. 27, 2017) (hourly rate of $175 was reasonable).[2] Based on the foregoing, the Court will award a total of $5,495.00, which comprises 34.1 hours of attorney work at a rate of $175 per hour.

B.   **Costs**

Plaintiff also seeks recovery of $100 in costs, citing the fee for filing the *pro hac vice* application. (R. Doc. 32-1 at 3 (*citing* R. Doc. 16)). 28 U.S.C. § 2412 defines "costs" as those "enumerated in section 1920" and 28 U.S.C. § 1920(1) in turn includes "fees of the clerk" as an enumerated cost. Therefore, as a general rule, the costs sought by Plaintiff are within the scope of permissible recovery. *See also Migues v. Saul*, 2020 WL 605030, at *3 (W.D. La. Feb. 7, 2020) ("Costs include fees of the clerk of court such as the fee charged for an attorney's *pro hac vice* admission to practice before the court.").

---

[2] To the extent older cases reflect a lesser amount, the Court finds that the rate of $175 appropriately accounts for such passage of time. *Watkins v. Commissioner of Social Security*, No. 11-617, 2014 WL 129065, at *2 (M.D. La. Jan. 9, 2014) ("hourly rate of $150.00 . . . is consistent with the rate generally applied by this Court"); *Brown v. Astrue*, No. 09-487, 2011 WL 612730, at *3 (M.D. La. Feb. 7, 2011) (same); *Owen v. Colvin*, No. 12-1179, 2013 WL 6204270, at *2 (W.D. La. Nov. 27, 2013) (hourly rate of $150.00 typically applied in Western District "for attorney work performed in 2008 and beyond").

2

However, as the Commissioner notes in response, where a plaintiff is permitted to proceed *in forma pauperis*, 28 U.S.C. § 1915(f)(1) has generally been interpreted to prohibit the recovery of costs, including those incurred in the filing of a *pro hac vice* application. *See, e.g., Rhodus v. Berryhill*, 2019 WL 2897692, at *2 (M.D. La. July 5, 2019). The Court will, therefore, deny recovery of the $100 sought for costs associated with the application for admission *pro hac vice*. The Court notes that the *Rhodus* case also involved the same pro hac vice attorney, Mr. Chermol. Should Mr. Chermol again request recovery for a pro hac vice fee for an IFP claimant, he must advise the Court of both the *Rhodus* order above and this instant order.

### C. Payment of Fee Award

The Commissioner specifically requests the award of attorney's fees be made payable to Plaintiff, as opposed to Plaintiff's counsel, pursuant to 28 U.S.C. § 2412. (R. Doc. 33 at 1). The fees award shall be payable to Plaintiff, as "a § 2412(d) fees award is payable to the litigant" and not the attorney because the award may be "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). And so, the attorney's fees will be awarded and paid to Plaintiff, not her attorney, but can be mailed to Plaintiff's counsel.

### II. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (R. Doc. 32) is **GRANTED in part** and **DENIED in part** as set forth more fully herein.

Signed in Baton Rouge, Louisiana, on May 5, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

3